```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACQUELYN FOX                     :    CIVIL ACTION
                                  :
          v.                      :
                                  :
AXA EQUITABLE LIFE INSURANCE      :
COMPANY and DISABILITY            :
MANAGEMENT SERVICES, INC.         :    NO. 08-cv-05749-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                February 23, 2009

    The defendant AXA Equitable Life Insurance Company issued a disability policy to plaintiff.  The defendant Disability Management Services, Inc. acted as "third-party administrator" of claims against AXA Equitable.  Plaintiff suffered an accident and claimed disability benefits.  Monthly benefits were paid for a time, but have not been paid since January 2007, although plaintiff alleges that she is still disabled and has suffered income loss covered by the defendant's policy.

    Plaintiff is suing both AXA Equitable and Disability Management Services, Inc., but the only claim against the latter is a claim for "breach of fiduciary duty" (Count IV of the Complaint).  Both defendants have filed a motion to dismiss Count IV, under Fed. R. Civ. P. 12(b)(6).  The defendants argue that, as merely the third-party administrator of claims, the defendant Disability Management Services, Inc. did not owe a fiduciary duty to plaintiff.

I am inclined to agree, but I prefer not to make a final decision on this point until the factual record is more fully developed. On the basis of the record so far, it appears that all decisions with respect to plaintiff's claim were being made by Disability Management Services, Inc. Plaintiff has alleged that the latter was not acting in good faith, interposed unnecessary and repetitive procedural requirements, falsely asserted that it did not have adequate information, when all required information had previously been furnished, etc., etc. Even if there was no fiduciary relationship, the specific allegations of plaintiff's Complaint might well give rise to valid claims against Disability Management Services, Inc. (Improper interference with contractual relationships? Intentionally providing false information to AXA Equitable?). It should be emphasized that, on the present record, the actual reasons for the denial of benefits cannot be determined.

I conclude that the preferable course is to dismiss Count IV of the Complaint, but to permit plaintiff to amend her Complaint, after a suitable period for discovery.

An Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JACQUELYN FOX                     :     CIVIL ACTION
                                  :
          v.                      :
                                  :
AXA EQUITABLE LIFE INSURANCE      :
COMPANY and DISABILITY            :
MANAGEMENT SERVICES, INC.         :     NO. 08-cv-05749-JF
```

ORDER

AND NOW, this 23rd day of February 2009, upon consideration of the Defendants' Motion to Dismiss Count Iv of the Complaint, and plaintiff's response, IT IS ORDERED:

1. The motion to dismiss is GRANTED. Count IV of plaintiff's Complaint is DISMISSED.

2. Plaintiff is granted leave to file an amended complaint within 90 days if, after the facts have been more fully developed, there is a basis for imposing liability upon the defendant Disability Management Services, Inc.


                                  BY THE COURT:


                                  /s/ John P. Fullam
                                  John P. Fullam, Sr. J.